UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

v.

Andrew Spinella

1:21-cr-00041-JL-04

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, through counsel, John P. Newman, Esq., submits the following sentencing memorandum in support of his request for a sentence of 1 year of probation. This recommended sentence is "sufficient, but not greater than necessary," to comply with the Court's obligations pursuant to 18 U.S.C. § 3553.

I.  Advisory Sentencing Guideline Range

On April 12, 2022, Mr. Spinella pleaded guilty to Count 9 the indictment charging him with wire fraud, in violation of 18 U.S.C. § 1343. Mr. Spinella is also charged in Count 1 (conspiracy to operate an unlicensed money transmittal business) and Count 4 (conspiracy to commit wire fraud) of the original indictment, which the Government will move to dismiss at sentencing.

The Defendant does not take issue with any of the Guidelines Calculations in the PSR. Thus, his offense level is 5 and he is in criminal history category I. These calculations yield a Guideline Sentencing Range (GSR) of 0 – 6 months. This range is in Zone A of the Sentencing Table.

II. <u>Sentencing Argument</u>

After calculating the GSR, the Court should weigh the factors set forth in 18 U.S.C. 3553(a) before determining the sentence.  As the First Circuit explained in *United States v. Martin*, 520 F.3d 87 (1st Cir 2008):

> This sequencing necessitates a case-by-case approach, the hallmark of which is flexibility. In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent that these are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale. Rather, the court should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." [*United States v.*] *Gall*, 128 S. Ct. 586 (2008) at 598.

*Martin*, 520 F.3d at 91.

Mr. Spinella contends that an appropriate balance of these factors in his case should result in a sentence of 1 year of probation, especially considering the fact that he has been on pretrial release with no issues for the past 17 months.  Each factor is considered *seriatim*, below.

**(1) *Nature and Circumstances of the Offense and History and Characteristics of the Defendant***

    *a. History and Characteristics of the Defendant*

Mr. Spinella was born in Lawrence, Massachusetts and was raised from the age of four in Nashua, New Hampshire.  He has one brother and one sister.  His family continues to be close and supportive as they have been his entire life.  In fact, last November he and his wife, Renee Spinella, moved in with his parents and continue to live there.

Andrew Spinella and Renee Spinella have been together since March of 2017 and were married and May of 2020.  Before moving to his parents' house, Andrew and Renee lived

together in Derry, New Hampshire.  They moved from that residence because the rent was increased.  This rent increase in conjunction with the loss of both their jobs necessitated the move back to his parents' house.  Their financial condition did not allow for them to find another acceptable rental property.

Since graduating from high school, Mr. Spinella has always worked.  He worked for Market Basket for eight years, and then for Wal-Mart for almost nine years. He lost that job when he was arrested for this case.   Eventually, he found work and currently has two jobs.  He works part-time ($17.50/hr) for Insight Enterprises in an IT capacity.  He also works part-time ($13.50/hr) for GameStop.

Mr. Spinella has no criminal history whatsoever.  He also does not use drugs and has no substance abuse issues.

Mr. Spinella's close family and strong work ethic are compelling reasons for the court to accept the proposed sentence of 1 year of probation.

     *b.  Nature and Circumstances of the Offense*

Mr. Spinella has pleaded guilty to one count of wire fraud.  If this case were to go to trial, the evidence would establish that he agreed to open accounts in his name in order help Mr. Freeman continue his business.  He opened the accounts on Mr. Freeman's request, made through Renee Spinella.  They explained to him how to open the account.  As stated in the plea agreement and re-iterated in the PSR, Mr. Spinella's role in the charged conspiracy was minimal.  He did not closely monitor the accounts.  He had no knowledge of Mr. Freeman's fraud victims.

Almost three years before he was arrested, on April 3, 2018, Mr. Spinella was interviewed by federal agents about the bank accounts. Andrew was cooperative and polite, and his statements were truthful.

***(2)  The Need for the Sentence Imposed etc.***

18 U.S.C. § 3553 (a)(2) contains several considerations that relate to the goals of sentencing, such as protection of the public, deterrence, rehabilitation and just desserts. Some of these considerations can be dispensed with rather easily. For example, there should be no concern about protection of the public. Mr. Spinella is 37 years old and has no criminal history. He is not a violent individual and therefore does not present that kind of danger. Even if the term is given a broader meaning, to include protection of the public from future similar conduct, there should be no concern. Mr. Spinella has learned from his mistake, as has been demonstrated by his substantial compliance with his release conditions over the past year and a half.

Nor should there be any concern about rehabilitation. A one year term of probation will be sufficient to guide him and help him continue his law abiding lifestyle. As stated above, Mr. Spinella knows how to find legitimate work and is no stranger to hard work. He will undoubtedly continue his gainful employment.

A probationary sentence will provide both general and specific deterrence. The public will see an individual with a federal felony conviction, with its attendant collateral consequences, that he was on pretrial supervision for almost a year and a half, and that he will be closely monitored for an additional year. These obvious circumstances will provide deterrence to the general public as well as to Mr. Spinella himself.

### *(3) Kinds of Sentences Available*

The presentence report has accurately reported that Mr. Spinella's GSR is in Zone A of the Sentencing Table. Thus, there is a range of sentencing options available to this court including confinement, fines, and supervision. The Guidelines allow for a period of probation from 1 to 3 years. Mr. Spinella is accepting a substantial period of supervision. As stated above, this will be "sufficient, but not greater than necessary" to effectuate the concerns of this section.

### *(4) and (5) The Sentencing Guidelines and Policy Statements*

Although the USSG became advisory rather than mandatory in the wake of *Booker v. United States*, 543 U.S. 220 (2005), this Court must nonetheless calculate and consider the guidelines as a part of determining an appropriate sentence. *Kimbrough v. United States*, 522 U.S. 85, 101 (2007). 18 U.S.C. 3353 (a) (4) and (5) similarly direct the Court to consider the sentencing guidelines as well as any policy statements that may exist.

As stated above, the Defendant's calculation of the GSR results in a range of 0 - 6 months. Incarceration is not required, however, and the Government is not seeking that. This court should impose the requested probationary sentence. This sentence is justified by the combination of the following factors, some of which are not contemplated by the Guidelines; others are not given the appropriate weight within the Guidelines:

- Mr. Spinella has strong family support.

- Mr. Spinella is gainfully employed and has been since high school graduation, a period of almost 20 years.

- Mr. Spinella has no substance abuse issues.

- Mr. Spinella has no criminal history.

- Mr. Spinella has abided by all the conditions of his release for more than 17 months.

**(6) *Need to Avoid Unwarranted Sentencing Disparities***

18 U.S.C. § 3553 (a) (6) directs the court to consider the "need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. . ." As stated above, Mr. Spinella presents a unique circumstance and should be sentenced based on his personal history. *See supra, United States v. Martin*, 520 F.3d 87, 91 (1st Cir 2008).

**(7) *Need to Provide Restitution***

There is no restitution requested in this case.

WHEREFORE, the Defendant respectfully requests that this Court sentence him to 1 year of probation.

Respectfully submitted,

*/s/ John P. Newman*
John P. Newman, Esq.
NHBA No.: 8820
Newman Law Office, PLLC
15 High Street
Manchester, NH 03101
john@newmanlawnh.com
(603) 935-5603

CERTIFICATE OF SERVICE

I, John P. Newman, hereby certify that a copy of the foregoing Memorandum has been forwarded August 19, 2022, to counsel of record through the ECF system and to United States Probation Officer Steven Killelea.

*/s/ John P. Newman*
John P. Newman